LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On November 5, 2004, Preferred Check Service in Crystal Springs, Mississippi, was robbed at gunpoint. Ricardo Terrell was later arrested for his assistance in the robbery.
¶ 2. Terrell was indicted in the Circuit Court of Copiah County for armed robbery as a habitual offender. At trial on July 25, 2005, the jury found Terrell guilty of the lesser offense of robbery. In a separate hearing after the jury verdict was reached, Terrell was found to be a habitual offender. He was later sentenced as a habitual offender to fifteen years without parole in the custody of the Mississippi Department of Corrections.
¶ 3. Terrell appeals to this Court citing the following issues: (1) the trial court erred by overruling his objection to the testimony of Jerome Leflore as improper rebuttal and (2) the trial court erred by denying his motion for directed verdict at the end of the State’s case and at the end of his case because the verdict was against the overwhelming weight of the evidence. Finding no error, we affirm.
DISCUSSION
I. DID THE TRIAL COURT ERR BY OVERRULING TERRELL’S OBJECTION TO THE TESTIMONY OF LEFLORE AS IMPROPER REBUTTAL?
¶ 4. Officer Jerome Leflore was called as a rebuttal witness in Terrell’s trial to rebut Terrell’s testimony that he never made a confession regarding the robbery to the investigating officer, Chris Palmer.
¶ 5. Investigator Palmer testified that after Terrell was arrested and given Miranda warnings, Terrell gave certain admissions but refused to sign a written statement or have his statement recorded. Terrell testified that he did not confess to the crime and that he was not asked if he would like his statement recorded or written down. In rebuttal to Terrell’s denial that he was given the opportunity to have his statement taped or written down, the State called Leflore to impeach Terrell’s direct testimony. It was Palmer’s testimony that Leflore was present when Terrell refused to have his statement recorded. Officer Leflore testified that Terrell confessed to involvement in the armed robbery and signed a waiver of rights.
¶ 6. Terrell argues that Officer Leflore was not on the State’s witness list and the questions asked on rebuttal were improper, thus resulting in an unfair trial. He argues that the State withheld Leflore which denied Terrell the ability to question him before trial. Terrell further argues that the State’s failure to offer Leflore’s testimony in its case-in-chief constituted reversible error. Terrell’s attorney first objected to improper rebuttal when the State asked Leflore if he assisted Investigator Palmer in interviewing Terrell. The Court overruled his objection. He next objected to improper rebuttal when the *55 State asked Leflore if the investigation with Palmer regarded the robbery at Preferred Check Services. This objection was also overruled. Terrell’s attorney then offered a continuing objection when the State asked Leflore to recount the substance of Terrell’s testimony.
¶ 7. The determination of whether evidence is properly admitted as rebuttal evidence is within the trial court’s discretion. Powell v. State, 662 So.2d 1095, 1099 (Miss.1995). We find that the trial judge did not abuse his discretion by allowing Leflore’s testimony. Lefore’s testimony should not have been a surprise to Terrell as it just reiterated Investigator Palmer’s testimony. No new evidence was admitted in Leflore’s testimony. Terrell denied admitting involvement in the robbery, and Leflore, who was present at the investigation, was called to rebut Terrell’s denial.
¶ 8. We find this issue to be without merit.
II. DID THE TRIAL COURT ERR IN DENYING TERRELL’S MOTION FOR DIRECTED VERDICT?
¶ 9. Terrell argues that his motion for directed verdict should have been granted because the State failed to prove beyond a reasonable doubt that he was the individual who committed the armed robbery and that no credible evidence was presented to sustain the jury’s conviction.
¶ 10. “The standard of review for a denial of a directed verdict, peremptory instruction, and a JNOV are identical.” Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003). All challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). This Court reviews the trial court’s finding regarding the sufficiency of the evidence at the time the motion for a directed verdict or peremptory instruction is overruled. Holloman v. State, 656 So.2d 1134, 1142 (Miss.1995). “[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Bush v. State, 895 So.2d 836, 843(¶ 16) (Miss.2005).
¶ 11. At trial, Diane LeCompte, the employee working at Preferred Check Services the day of the robbery, testified that Terrell came into the business before the robbery occurred. She testified that Terrell asked the price of the jewelry that she kept on the counter, she told him, and he left. His behavior struck her as strange. LeCompte gave a description of Terrell to the police and later identified him in a photographic line up. John Freeman was also called to testify. At the approximate time of the robbery, Freeman was driving on the street behind Preferred Check Services near his nephew’s business when he saw Terrell standing next to a Cadillac and looking down the road. Freeman asked Terrell what he was doing, and Terrell responded that he was urinating. Terrell then looked back at the corner of the building, yelled “hey,” and then got in the Cadillac and slowly drove out of the lot behind the building. Freeman gave a description of Terrell and the Cadillac to the police. He later identified Terrell in a photographic line up.
¶ 12. Investigator Palmer testified that when Terrell was brought to the police station for questioning he confessed to assisting in the robbery. After questioning Terrell, Investigator Palmer typed a statement recounting Terrell’s confession. Palmer’s testimony of Terrell’s statement is as follows:
[H]e told me that he and Mr. McGee were at the J & G Trailer Park drinking gin earlier that morning. As they drank, they decided to go and hit what he called a lick. From there they left J *56 & G Trailer Park and drove around town stopping at the Preferred Check Cashing place and looking at it for a minute. Then they went around the back as he referred to the other building on the other street, and he let Mr. McGee out as he waited. As he waited, he was approached in his words by an older white gentleman that asked him to leave the property. At that time he left the property, went down the street and gave McGee a ride back to J & G Trailer Park. And in turn he (McGee) gave him $200, and that’s the last he saw him that day.
¶ 13. Terrell testified that he did enter Preferred Check Services the day of the robbery. He stated that his girlfriend asked him to look at a necklace for her. When asked if he saw McGee on the day of the robbery, Terrell stated that he did not really know McGee but saw him later in the evening at the trailer park. McGee was bragging about robbing the check cashing service. Terrell testified that this was the first time he heard about the armed robbery. Terrell testified that on November 5, around 11 a.m., he discovered that his girlfriend’s house had been broken into and later called the police. Investigator Palmer responded to the call. Palmer asked Terrell about the armed robbery at Preferred Check Services; Terrell responded that he had no knowledge of an armed robbery.
¶ 14. Terrell’s testimony regarding his confession conflicted with the testimony of Palmer and Leflore. When confronted with conflicting testimony, “[i]t is the function of the jury to pass upon the credibility of the evidence.” Evans v. State, 725 So.2d 613, 680 (¶ 293) (Miss. 1997) (citing Bond v. State, 249 Miss. 352, 162 So.2d 510 (1964)). In a criminal prosecution, the jury may accept the testimony of some witnesses and reject that of others, and may accept in part and reject in part the testimony of any witnesses, or may believe part of the evidence on behalf of the State and part of that for the accused, and the determination of the credibility of such witnesses is not for the reviewing court, but only for the jury. Evans, 725 So.2d at 680-81 (¶ 293). In this case, the jury chose to give more weight to the testimony of the investigating officers than Terrell.
¶ 15. Viewing the evidence in the light most favorable to the prosecution, we find that sufficient evidence existed for the trial judge to deny Terrell’s motion for directed verdict and to sustain a jury verdict of guilty.
¶ 16. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.